ORIGINAL

KENJI M. PRICE #10523
United States Attorney
District of Hawaii

MICHAEL NAMMAR
Chief, Criminal Division

REBECCA A. PERLMUTTER
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Email:   Rebecca.Perlmutter@usdoj.gov

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 28 2019

at __11__ o'clock and __40__ min. __a__M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. 18-00073 DKW |
| Plaintiff, | MEMORANDUM OF PLEA AGREEMENT |
| vs. | DATE: March 28, 2019 |
| NATHAN YUEN GRIT LUM, | TIME: 10:30 a.m. |
| Defendant. | JUDGE: Hon. Derrick K. Watson |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the

UNITED STATES OF AMERICA, by its attorney, the United States Attorney for

the District of Hawaii, and the defendant, NATHAN YUEN GRIT LUM, and his attorney, Max Mizono, Esq., have agreed upon the following:

## THE CHARGES

1. The defendant acknowledges that he has been charged in the Indictment with violations of Title 18, United States Code, Sections 641 and 1028A, and Title 26, United States Code, Section 7203.

2. The defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney.

3. The defendant fully understands the nature and elements of the crimes with which he has been charged.

## THE AGREEMENT

4. The defendant will enter a voluntary plea of guilty to Counts 2 and 5 of the Indictment, which charge him with, on or about August 4, 2014, knowingly transfering, possessing, and using, without lawful authority, the means of identification of another person, during and in relation to a felony in violation of 18 U.S.C. § 641 (Count 2 – 18 U.S.C. § 1028A), and willfully failing to make and file with the Internal Revenue Service (IRS) a federal income tax return for tax year 2012, on or about the filing deadline of October 15, 2013 (Count 5 – 26 U.S.C.

§ 7203).  In return, the government agrees to move to dismiss Counts 1, 3-4, and 6-8 of the Indictment as to the defendant after sentencing.

The United States Attorney's Office for the District of Hawaii agrees not to pursue any further charges against the defendant that would constitute relevant conduct to the counts in the Indictment, including tax charges for the 2016 and 2017 tax years and any and all charges associated with Count 1 of the Indictment, based on the evidence now known to the government at the time of this plea.  If the United States Attorney's Office for the District of Hawaii should obtain new evidence not known as the date of this Agreement, it will have the discretion to seek and bring additional charges against the defendant.

5. The defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6. The defendant enters this plea because he is in fact guilty of, on or about August 4, 2014, knowingly transferring, possessing, and using, without lawful authority, the means of identification of another person, during and in relation to a felony in violation of 18 U.S.C. § 641 (Count 2 – 18 U.S.C. § 1028A), and willfully failing to make and file with the IRS a federal income tax return for tax year 2012, on or about the filing deadline of October 15, 2013 (Count 5 – 26

U.S.C. § 7203) as charged in Counts 2 and 5 of the Indictment, and he agrees that this plea is voluntary and not the result of force or threats.

## **PENALTIES**

7.  The defendant understands that the penalties for the offenses to which he is pleading guilty include:

   a.  As to Count 2, a mandatory term of imprisonment of 2 years, which must be served consecutively to any other sentence imposed on the person, and a fine of up to $250,000, plus a term of supervised release up to 1 year.

   b.  As to Count 5, a term of imprisonment of up to one year and a fine of up to $100,000, plus a term of supervised release up to 1 year, and costs of prosecution.

   c.  In addition, the Court must impose a special assessment as to each count to which the defendant is pleading guilty. The defendant agrees to pay $100 for Count 2 and $25 for Count 5 to the District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing. The defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this Agreement at its option.

d. **Restitution.** The Court must also award restitution pursuant to Title 18, United States Code, Section 3663A, to the persons and entities victimized by the defendant's offenses. The defendant understands that the Court will determine the amounts of restitution to be ordered, as well as the persons and entities entitled to such restitution, with the assistance of the United States Probation Office. Pursuant to 18 U.S.C. § 3663(a)(3), the defendant agrees to pay restitution for all losses caused by the defendant's conduct, regardless of whether the counts of the Indictment associated with such losses will be dismissed as part of this Agreement and losses that constitute relevant conduct, including losses associated with the Social Security Administration in the amount of $33,435.00 and the IRS and State of Hawaii for tax years 2011 through 2017, including for taxes in the amount of $77,934.00 owed to the IRS for tax years 2011 through 2015.

## FACTUAL STIPULATIONS

8. The defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charges to which the defendant is pleading guilty:

a. Between in or about August 2013 and January 2016, the defendant, Nathan Yuen Grit Lum (hereinafter, Lum), converted approximately

$33,435 of his deceased father H.L.'s benefits payments from the Social Security Administration to Lum's own personal use when Lum knew he was not entitled to those benefits. H.L passed away prior to August 2013. Specifically, on or about August 4, 2014, Lum signed a check in H.L.'s name that Lum wrote on H.L.'s bank account over to Lum as the payee. Lum then deposited the check into Lum's personal bank account. The check's proceeds represented Social Security benefits payments to H.L.

        b.      In addition, Lum, who was a resident of Honolulu, Hawaii, failed to file his federal income tax returns by the filing deadlines required by law for at least tax years 2011 through 2017. Lum received income above the minimum filing threshold in each of those years and knew that he was required by law to file such returns annually with the IRS, nevertheless he knowingly and willfully did not file said returns. For those years, Lum also failed to file his annual State of Hawaii tax returns, which he knew he was required to file. For those years, in total, Lum owed the IRS and the State of Hawaii over $250,000.00 in taxes and did not pay the IRS or the State of Hawaii. Specifically, Lum knew that he was required by law to file his 2012 federal income tax return with the IRS by October 15, 2013, nevertheless, he failed to file such return. For tax year 2012, Lum owed the IRS $28,785.00 in taxes, which he did not pay.

9. Pursuant to CrimLR 32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charges to which the defendant is pleading guilty adequately reflect the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

## SENTENCING STIPULATIONS

10. Pursuant to CrimLR 32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of the defendant in connection with this matter:

    a. The Sentencing Guidelines sentence for a defendant convicted under Title 18, United States Code, Section 1028A is the term required by that statute, namely, two (2) years imprisonment. See United States Sentencing Guidelines § 2B1.6(a). See also 18 U.S.C. § 1028A(a)(1).

    b. As of the date of this agreement, it is expected that the defendant will enter a plea of guilty prior to the commencement of trial, will truthfully admit his involvement in the offense and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility. If all of these events occur, and the defendant's acceptance of responsibility

continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate. *See* U.S.S.G. § 3E1.1(a) and Application Note 3.

   c. The United States Attorney agrees that the defendant's agreement herein to enter into a guilty plea constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to the defendant. Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline § 3E1.1(b)(2), if the defendant is otherwise eligible. The defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the United States Probation Office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

  11. The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing. The parties understand that the Court's rejection of any stipulation between the parties

does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

12. The parties represent that as of the date of this agreement there are no material facts in dispute.

## APPEAL/COLLATERAL REVIEW

13. The defendant is aware that he has the right to appeal his conviction and the sentence imposed. The defendant knowingly and voluntarily waives the right to appeal, except as indicated in subparagraph "b" below, his conviction and any sentence within the Guidelines range as determined by the Court at the time of sentencing, and any lawful restitution order imposed, or the manner in which the sentence or restitution order was determined, on any ground whatsoever, in exchange for the concessions made by the prosecution in this Agreement. The defendant understands that this waiver includes the right to assert any and all legally waivable claims.

   a. The defendant also waives the right to challenge his conviction or sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that the defendant may make such a challenge (1) as

indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

  b. If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the defendant, the defendant retains the right to appeal the portion of his sentence greater than specified in that guideline range and the manner in which that portion was determined and to challenge that portion of his sentence in a collateral attack.

  c. The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

## FINANCIAL DISCLOSURE

14. In connection with the collection of restitution or other financial obligations, including forfeiture as set forth below, that may be imposed upon him, the defendant agrees as follows:

  a. The defendant agrees to fully disclose all assets in which he has any interest or over which he exercises control, directly or indirectly, including any assets held by a spouse, nominee, or third party. The defendant understands that the United States Probation Office (USPO) will conduct a presentence investigation that will require the defendant to complete a comprehensive financial

statement. To avoid the requirement of the defendant completing financial statements for both the USPO and the government, the defendant agrees to truthfully complete a financial statement provided to the defendant by the United States Attorney's Office. The defendant agrees to complete the disclosure statement and provide it to the USPO within the time frame required by the United States Probation officer assigned to the defendant's case. The defendant understands that the USPO will in turn provide a copy of the completed financial statement to the United States Attorney's Office. The defendant agrees to provide written updates to both the USPO and the United States Attorney's Office regarding any material changes in circumstances, which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. The defendant's failure to timely and accurately complete and sign the financial statement, and any written update thereto, may, in addition to any other penalty or remedy, constitute the defendant's failure to accept responsibility under U.S.S.G § 3E1.1.

    b.    The defendant expressly authorizes the United States Attorney's Office to obtain his credit report. The defendant agrees to provide waivers, consents, or releases requested by the United States Attorney's Office to access records to verify the financial information, such releases to be valid for a

period extending 90 days after the date of sentencing. The defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the USPO.

   c. Prior to sentencing, the defendant agrees to notify the Financial Litigation Unit of the U.S. Attorney's Office before making any transfer of an interest in property with a value exceeding $1,000 owned directly or indirectly, individually or jointly, by the defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

## IMPOSITION OF SENTENCE

  15. The defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines. The defendant agrees that there is no promise or guarantee of the applicability or non-applicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

  16. The defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary. The defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charges adequately

reflect the seriousness of the actual offense behavior and accepting the Agreement will not undermine the statutory purposes of sentencing.

## WAIVER OF TRIAL RIGHTS

17. The defendant understands that by pleading guilty he surrenders certain rights, including the following:

    a. If the defendant persisted in a plea of not guilty to the charges against him, then he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the prosecution, and the judge all must agree that the trial be conducted by the judge without a jury.

    b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

     c.    If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the defendant's guilt beyond a reasonable doubt.

     d.    At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on his own behalf. If the witnesses for the defendant would not appear voluntarily, the defendant could require their attendance through the subpoena power of the Court.

     e.    At a trial, the defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

18.    The defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph. The defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

## USE OF PLEA STATEMENTS

19.    If, after signing this Agreement, the defendant decides not to plead guilty as provided herein, or if the defendant pleads guilty but subsequently makes

a motion before the Court to withdraw his guilty plea and the Court grants that motion, the defendant agrees that any admission of guilt that he makes by signing this Agreement or that he makes while pleading guilty as set forth in this Agreement may be used against him in a subsequent trial if the defendant later proceeds to trial. The defendant voluntarily, knowingly, and intelligently waives any protection afforded by Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence regarding the use of statements made in this Agreement or during the course of pleading guilty when the guilty plea is later withdrawn. The *only* exception to this paragraph is where the defendant fully complies with this Agreement but the Court nonetheless rejects it. Under those circumstances, the United States may not use those statements of the defendant for any purpose.

20.  The defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of the defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

21.  The defendant and his attorney acknowledge that no threats, promises, agreements or conditions have been entered into by the parties, other than those set forth in this Agreement, to induce the defendant to plead guilty. This Agreement

15

supersedes all prior promises, agreements or conditions between the parties in this case.

22. To become effective, this Agreement must be signed by all signatories listed below.

23. Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto.

DATED: Honolulu, Hawaii, March 28, 2019.

AGREED:

KENJI M. PRICE
United States Attorney
District of Hawaii

_____
MICHAEL NAMMAR
Chief, Criminal Division

_____
REBECCA A. PERLMUTTER
Assistant U.S. Attorney

_____
MAX MIZONO
Attorney for Defendant

_____
NATHAN YUET GRIT LUM
Defendant